976 F.2d 733
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Thomas O. GRAHAM, Petitioner-Appellant,
v.
Robert E. LECUREUX, Respondent-Appellee.
 No. 92-1249.
 United States Court of Appeals, Sixth Circuit.
 Sept. 24, 1992.
 
 Before NATHANIEL R. JONES and SILER, Circuit Judges, and JOHN W. PECK, Senior Circuit Judge.
 
 ORDER
 
 1
 Thomas O. Graham, a pro se Michigan prisoner, appeals a district court order dismissing his petition for a writ of habeas corpus filed under 28 U.S.C. § 2254. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 During Graham's first trial in January 1986, a juror stated she recognized Graham as a defendant in a previous proceeding. Upon motion from Graham's attorney, a mistrial was declared. A second trial was conducted in March 1986. After extensive deliberations, the jury was unable to reach a verdict. The trial court, finding manifest necessity, declared a second mistrial. A third trial was conducted in June 1986. A jury convicted Graham on one count of breaking and entering with the intent to commit larceny. Following a bench trial in July 1986, Graham was found to be a habitual offender. He received a five to twenty year sentence.
 
 
 3
 On appeal, Graham argued that: 1) the trial judge erred in declaring a mistrial in the second trial, and 2) that he was denied a fair trial when the court refused to provide Graham a transcript of his second trial at government expense for use in the third trial. The Michigan Court of Appeals affirmed the conviction and the Michigan Supreme Court denied review.
 
 
 4
 In his petition for a writ of habeas corpus, Graham raised the same issues that he presented to the state courts of Michigan. Upon de novo review of the magistrate judge's report and recommendation in light of Graham's objections, the district court dismissed the petition as without merit. Graham filed this timely appeal raising the same issues that he presented to the district court. He requests oral argument and the appointment of counsel.
 
 
 5
 Upon review, we conclude that Graham received a fundamentally fair trial. See Lundy v. Campbell, 888 F.2d 467, 469-70 (6th Cir.1989), cert. denied, 495 U.S. 950 (1990).
 
 
 6
 The trial court properly found that manifest necessity existed for declaring a mistrial in Graham's March 1986 trial. See Richardson v. United States, 468 U.S. 317, 323-24 (1984); Jones v. Hogg, 732 F.2d 53, 54-56 (6th Cir.1984). Graham was not entitled to a free transcript of his second trial. See Britt v. North Carolina, 404 U.S. 226, 227 (1971).
 
 
 7
 Accordingly, we deny the requests for relief, and affirm the district court's order for the reasons set forth in the magistrate judge's report and recommendation filed on May 24, 1991, as adopted by the district court in its order filed on January 30, 1991. Rule 9(b)(3), Rules of the Sixth Circuit.